IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

FOREST OAKS - SECTION II )
)
v. ) NO. 3-13-0158
) JUDGE CAMPBELL
QBE INSURANCE CORP. )

MEMORANDUM

Pending before the Court is Defendant's Motion to Dismiss Plaintiff's claim for common law bad faith (Docket No. 14). For the reasons stated herein, Defendant's Motion is GRANTED, and Plaintiff's claim for common law bad faith is DISMISSED.

FACTS

Plaintiff's Complaint originates from a storm that severely damaged the improvements and other property located at Forest Oaks - Section II, a condominium development in Rutherford County, Tennessee. Plaintiff contends that it was insured by Defendant for loss or damage to the Insured Premises. The parties dispute the amount of the compensable loss. Plaintiff asserts causes of action for breach of contract and common law bad faith. Defendant has moved to dismiss the bad faith claim.

MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## COMMON LAW BAD FAITH

Plaintiff asserts that Defendant is liable for its bad faith handling of Plaintiff's claim. Defendant avers that there is no cause of action for bad faith between insurors and their insureds in Tennessee.

For almost thirty years, a common law cause of action against an insurer for bad faith has not existed in Tennessee, and neither recent enactments by the state legislature, nor persuasive rulings by the courts have changed that law. *Westfield Ins. Co. v. RLP Partners, LLC*, 2013 WL 2383608 at * 1 (M.D. Tenn. May 30, 2013). In *Chandler v. Prudential Ins. Co.*, 715 S.W.2d 615 (Tenn. Ct. App. 1986), the court held that no such cause of action existed under Tennessee law. Both state and federal courts have confirmed that *Chandler* is the law in this state. *See Westfield* at * 2 (collecting cases); *Bowery v. Berkshire Life Ins. Co. of America*, 2013 WL 1497339 at * 8 (E.D. Tenn. April 11, 2013); *Leverette v. Tenn. Farmers Mut. Ins. Co.*, 2013 WL 817230 at * 18 (Tenn. Ct. App. March 4, 2013); *Persian Galleries, Inc. v. Transcontinental Ins. Co.*, 38 F.3d 253, 259 (6th Cir. 1994).

2

This Court agrees with the above-cited authority that there is no common law cause of action for bad faith by an insuror, the bad faith statutory penalty being the exclusive remedy in cases charging bad faith denials of insurance claims. *See, e. g., Persian Galleries* at n.3.

Accordingly, Defendant's Motion to Dismiss Plaintiff's common law bad faith claim is GRANTED, and Plaintiff's claims for bad faith are DISMISSED.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE